UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:16-cr-00043 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 25] |
| vs. | |
| MICHAEL L. SOWINSKI, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Michael L. Sowinski requests a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582.[1] The government opposes.[2]

For the following reasons, the Court **GRANTS** Sowinski's motion.

## I. Background

In May 2016, Sowinski pleaded guilty to one child pornography charge.[3] In June 2016, this Court sentenced Sowinski to 100 months of imprisonment and ten years of supervised release.[4]

## II. Discussion

On February 8, 2021, Sowinski moved for compassionate release. On June 14, 2021, court-appointed counsel supplemented Sowinski's motion. Sowinski requests a sentence reduction because he is 67 years old, has served nearly 70 percent of his sentence, and has certain health condition that increase his risk for serious illness if he contracts COVID-19.

---

[1] Docs. 25, 29.
[2] Doc. 32.
[3] Doc. 29 at 2.
[4] *Id.*

The government opposes.[5] The government argues Sowinski has not established that extraordinary and compelling reasons warrant his early release. Moreover, the government asserts the § 3553 factors do not support a sentence reduction.

## A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[6]

The government concedes that Sowinski has satisfied the statutory exhaustion requirement.[7]

## B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[8] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[9]

---

[5] Doc. 32.
[6] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[7] Doc. 32 at 5.
[8] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[9] *Id.* at 518. (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

Case No. 1:16-cr-00043
GWIN, J.

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[10] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[11]

The Court finds that extraordinary and compelling reasons warrant compassionate release. Sowinski is an older inmate with numerous medical conditions, including hypertension.[12] Though Sowinski has recovered from a COIVD-19 infection and is fully vaccinated, his underlying conditions could make a COVID-19 reinfection quite serious. Most importantly, Sowinski has served nearly 70 percent of his 100-month sentence.

Likewise, the Court finds the § 3553 factors support release. Sowinski led a law-abiding life before his present conviction. Finally, Sowinski has his adult children's support, who live nearby and can help ensure Sowinksi does not reoffend.[13]

### III. Conclusion

The Court **GRANTS** Sowinski's compassionate release motion and reduces his sentence to time served. Sowkinski's ten-year supervised release remains in force, and he is otherwise subject to the terms of the Court's most recent judgment.

IT IS SO ORDERED.

Dated: June 28, 2021
                                         s/ *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[10] See *Elias,* 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones,* 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").
[11] *Jones,* 980 F.3d at 1111.
[12] Doc. 32 at 5.
[13] Doc. 29 at 7–8.